UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM REUBART, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:23-cv-00031-MMD-CLB<br><br>ORDER |

　　　　This action is Pedro Rodriguez's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Rodriguez is an individual incarcerated at Nevada's Ely State Prison and sentenced to death. On January 24, 2023, Rodriguez submitted for filing a *pro se* habeas petition and exhibits in support of the petition (ECF Nos. 1-1 through 1-34), an application to proceed *in forma pauperis* (ECF No. 1), and a motion for appointment of counsel (ECF No. 2). On January 25, 2023, the Court granted Rodriguez *in forma pauperis* status, screened his petition, and appointed the Federal Public Defender for the District of Nevada ("FPD") to represent him. (ECF No. 3.) The Court set a schedule for Respondents to appear and for the FPD to either appear for Rodriguez or to file a notice of inability to represent him. (*Ibid.*)

　　　　Respondents appeared on January 27, 2023. (ECF No. 5; *see also* ECF No. 6.) The FPD filed a notice of appearance on behalf of Rodriguez on February 10, 2023. (ECF No. 7.) On that same date, the FPD also filed a notice (ECF No. 8) stating that the FPD's acceptance of the appointment to represent Rodriguez is conditioned upon the Court accepting waivers regarding a potential conflict of interest. The Court will accept those waivers and will confirm the appointment of the FPD to represent Rodriguez.

　　　　One of Rodriguez's codefendants in the case underlying this habeas action was Robert Servin; Rodriguez and Servin were jointly tried, both were convicted, and both

were sentenced to death. (*See* ECF No. 8 at 3.) Based in part on Servin's age—he was 16 at the time of the offenses—the Nevada Supreme Court subsequently vacated his death sentence on the ground that it was excessive. (ECF No. 8 at 3 (*see Servin v. State*, 32 P.3d 1277, 1289-90 (Nev. 2001)).) The FPD states that Servin "was granted parole into the community in 2020." (ECF No. 8 at 5.) The FPD notes that the Nevada Supreme Court has held that Rodriguez and Servin did not have antagonistic defenses. (*See* ECF No. 8 at 3 n.1 (citing *Rodriguez v. State*, 32 P.3d 773, 779-80 (Nev. 2001)).)

The FPD goes on to state that, from 2005 to 2010, the FPD represented Servin in his noncapital federal habeas corpus action. (ECF No. 8 at 4.) It is that representation of Servin by the FPD in his federal habeas action that gives rise to a potential conflict of interest. (*Id.* (citing Nevada Rule of Professional Conduct 1.9(a)).)

The FPD states that Servin was represented in his federal habeas action by the Non-Capital Habeas Unit of the FPD; in this case, on the other hand, Rodriguez will be represented by the Capital Habeas Unit of the FPD. (ECF No. 8 at 5.) According to the FPD, none of the employees of the FPD who were assigned to Servin's case are still employed by the FPD. (*Ibid.*) And, Frances Forsman, the Federal Public Defender for the District of Nevada at the time of Servin's representation, is no longer with the FPD. (*Ibid.*) "No employee of the Capital Habeas Unit had any involvement in the representation of Mr. Servin." (*Ibid.*)

The FPD goes on to describe the safeguards taken at that office to address the potential conflict presented by the representation of Rodriguez. (ECF No. 8 at 6-7.) The FPD states that it has implemented restrictions with respect to its files, preventing the staff in the FPD's Capital Habeas Unit from accessing either the electronic information or physical files from Servin's case and preventing the staff in the FPD's Non-Capital Habeas Unit from accessing either the electronic information or physical files in Rodriguez's case. (*Ibid.*)

The FPD has disclosed the potential conflict to both Rodriguez and Servin and has filed waivers signed by both. (ECF No. 8 at 5-6; ECF Nos. 8-1 (Servin's waiver), 8-2

1 (Rodriguez's waiver).) Both Rodriguez and Servin have been informed of their right to consult with independent counsel regarding the potential conflict and their waivers, and both waived their right to consult with independent counsel. (ECF No. 8 at 5-6; *see also* ECF Nos. 8-1, 8-2.)

The FPD states: "Mr. Rodriguez waived his right to consult with independent counsel and reiterated his wish to have the Federal Public Defender represent him in this matter." (ECF No. 8 at 6; *see also* ECF No. 8-2).) And the FPD states: "The Federal Public Defender believes it can provide adequate assistance to Mr. Rodriguez in this proceeding." (ECF No. 8 at 6.)

The Supreme Court has instructed that "a criminal defendant may waive his right to the assistance of an attorney unhindered by a conflict of interests." *Holloway v. Arkansas*, 435 U.S. 475, 483 n.5 (1978) (citing *Glasser v. United States*, 315 U.S. 60, 70 (1942)); *see also* Nevada Rule of Professional Conduct 1.9; *see also Wheat v. United States*, 486 U.S. 153, 159-64 (1988) ("[T]he district court must be allowed substantial latitude in refusing waivers of conflicts of interests not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses.").

Under the circumstances in this case, the Court determines that the measures taken by the FPD to avoid an actual conflict of interests, together with the waivers of Rodriguez and Servin, are adequate to ensure that Rodriguez's representation, as well as the integrity of the judicial process, will not be adversely affected by the FPD's potential conflict.

///
///
///
///
///

It is therefore ordered that the Court accepts the waivers of Petitioner and Robert Servin and confirms that the Federal Public Defender is appointed to represent the Petitioner in this case.

DATED THIS 13th Day of February 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE