UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>　　　　　Respondents. | Case No. 3:23-cv-00031-MMD-CLB<br><br>ORDER |

In this capital habeas corpus action, on November 15, 2023, Petitioner Pedro Rodriguez, with appointed counsel, filed an Amended Petition for Writ of Habeas Corpus (ECF No. 19) and supporting exhibits (ECF Nos. 20-37). Respondents were to file a response to Rodriguez's amended petition by February 13, 2024. (*See* ECF No. 10.) On January 26, 2024, however, the parties filed a stipulation to stay this action pending the completion of ongoing state habeas proceedings. (ECF No. 38.)

In the stipulation, the parties point out that Rodriguez's amended petition includes several claims unexhausted in state court. (*Id.* at 2.) The parties state that Rodriguez initiated a habeas corpus action in state court on December 14, 2023, to exhaust his unexhausted claims. (*Id.*) The parties agree that this federal habeas action should be stayed pending the conclusion of that ongoing state habeas action. (*Id.*)

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner

> had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78. In view of the parties' stipulation, and the record in this case, the Court determines that a stay is warranted under *Rhines.*

The Court's intention is that this will be the last time that the Court imposes a stay to facilitate Rodriguez's exhaustion of claims in state court. Rodriguez must exhaust all his unexhausted claims in state court during the stay imposed under this order.

It is therefore ordered that the Stipulation to Stay (ECF No. 38) is approved. This action is stayed pending the conclusion of Petitioner's ongoing state habeas corpus action.

It is further ordered that, on or before June 15, 2024, Petitioner must file a status report, describing the status of his state-court proceedings. Thereafter, during the stay of this action, Petitioner must file such a status report every six months (on or before December 15, 2024; June 15, 2025; *etc.*). Respondents may, if necessary, file a response to any such status report within 15 days after it is filed. Petitioner may reply within 15 days after the filing of the response.

It is further ordered that, following the conclusion of Petitioner's state habeas corpus action, Petitioner must, within 30 days, move to lift the stay.

///

///

///

///

///

1    It is further ordered that this action will be subject to dismissal upon a motion by
Respondents if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed in this order.

DATED THIS 26th Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE